UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| RONALD TIM PHIPPS, | ) | |
| a/k/a Ronald Timothy Phipps, | ) | |
| | ) | Civil No. 13-60-GFVT |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| KENTUCKY STATE PAROLE BOARD, | ) | **ORDER** |
| | ) | |
| Respondent. | | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Ronald Tim Phipps is presently confined by the Bureau of Prisons ("BOP") at the United States Penitentiary ("USP") located in Terre Haute, Indiana.[1] Proceeding without an attorney, Phipps has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from a detainer[2] lodged against him by the Kentucky Parole Board ("KPB"). The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases

---

[1] The BOP identifies the petitioner as "Ronald Timothy Phipps." *See* http://www.bop.gov/iloc2/ InmateFinderServlet?Transaction=NameSearch &needingMoreList=false&FirstName=ronald&Middle= &LastName=phipps&Race=U&Sex=U&Age=&x=83&y=21 (last visited on October 29, 2013). The Clerk of the Court will be instructed to list "Ronald Timothy Phipps" as an alias name for the petitioner.

[2] A detainer is a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or notify the agency when the release of the prisoner is imminent." *Norton v. Parke*, 892 F.2d 476, 477 n. 1 (6th Cir. 1989)(quoting *Carchman v. Nash*, 105 S.Ct. 3401, 3403 (1985)).

in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Phipps' petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Phipps' factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the habeas petition, the Court must deny it because (1) Phipps has not alleged that he has exhausted his claims challenging his detainer in state court, and (2) Phipps must assert his custody classification claims in the district where he is incarcerated. The Court also will deny as moot Phipps' motion seeking the appointment of counsel.

Phipps states that the KPB has lodged a detainer against him stemming from an unspecified Kentucky parole violation.[3] Phipps alleges that because he is almost 70 years old, suffers from severe arthritis, and is serving a mandatory life sentence under which he will spend the rest of his life in federal custody, the KPB detainer "serves no legitimate purpose" and only results in him having a high BOP custody classification. [R. 1, p. 2] Phipps seeks an order dismissing the KPB detainer.

As an initial matter, Phipps is seeking relief under 28 U.S.C. § 2241, the statute under which a federal prisoner may challenge the manner in which his sentence is being executed, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889,

---

[3] Phipps attached to his § 2241 petition an August 28, 2013, letter to him from Marian Young, Internal Policy Analyst for the Commonwealth of Kentucky Justice and Public Safety Cabinet, Office of the Parole Board. [R. 1-1] Young acknowledges that a parole violator warrant has been "received and placed in your file for future review by all Board members." [*Id.*]

894 (6th Cir. 1999)  A prisoner asserting claims under § 2241 must proceed in the district court that has jurisdiction over his custodian.  *See United States v. Hargis*, 891 F.2d 293, 1989 WL 150521 (6th Cir. Dec. 13, 1989) (Table); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).  Phipps is confined in the USP-Terre Haute, which is physically located in the judicial district of the Southern District of Indiana.  That district court has jurisdiction over Phipps' custodian (the Warden of USP-Terre Haute), but this Court does not.  If Phipps intends to assert claims under §2241, he must file a habeas petition in the United States District Court for the Southern District of Indiana.

Even if Phipps were confined in this district and this Court had jurisdiction over his warden, this Court cannot compel state authorities in Kentucky to quash the KPB detainer. Federal courts have no general power to compel action by state officers, including state judicial officers.  *See Williams v. Federal Medical Center*, No. 5:07-CV-128-JBC, 2007 WL 2702329, at *4 (E.D. Ky. Sept. 11, 2007) (citing cases).  If Phipps wants the KPB detainer quashed, he must file an action in the Kentucky state courts under the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. App. 2, § 2.[4]  The IADA is a compact among the states, the District of Columbia, and the federal government which enables participating states to gain temporary custody of prisoners incarcerated in another jurisdiction in order to try the prisoner on pending

---

[4] Subsection (a) of Article III of the IADA requires the prisoner to be brought to trial within 180 days after "he shall have caused to be delivered to the prosecuting officer and the appropriate court ... written notice of the place of his imprisonment and his request for a final disposition.... The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner.

criminal charges. *See generally United States v. Mauro*, 436 U.S. 340, 349–53 (1978); *Reed v. Farley*, 512 U.S. 339 (1994).

The IADA sets forth the specific procedures by which a prisoner may object to a detainer lodged against him. To challenge the validity of an interstate detainer, however, a state prisoner must first exhaust all available state remedies before filing a federal habeas petition. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Such remedies include those provided by the IADA. *Barnett v. Hobbs*, No. 1:07-CV-19, 2007 WL 861086 * 2–3 (E.D. Tenn., Mar.19, 2007); *see also Norton v. Parke*, 892 F.2d 476, 479 (6th Cir. 1989) (prisoners must pursue the remedies under the IADA before seeking federal habeas relief).

Phipps may ask his custodian at USP-Terre Haute to provide him with the appropriate forms for filing an IADA action in the Kentucky courts, and he should refer to the relevant provisions of the IADA if he wishes to challenge the KPB detainer under the IADA. But at this juncture, Phipps may not proceed under § 2241 because he does not allege that he has exhausted his available remedy in the Kentucky state courts pursuant to the IADA. *See Tunanidas v. Folino*, No. 4:10 CV 1263, 2010 WL 3271737, at *2 (N. D. Ohio Aug. 18, 2010) (dismissing § 2241 petition where he failed to properly exhaust his IADA remedies in state court); *Miles v. Rees*, No. 6:07-89-KKC, 2007 WL 1455872 at *2-3 (E.D. Ky. May 15, 2007) (dismissing a prisoner's § 2241 petition alleging a violation of the IADA, where he failed to file an action in the Tennessee state courts challenging the validity of his Tennessee detainer under the IADA prior to seeking relief under § 2241).

To the extent that Phipps challenges his current BOP custody classification, which he indicates has been increased because of the pending KPB detainer, he must proceed with that

4

claim by filing a civil action in the judicial district where he is confined, which, as discussed, is the United States District Court for the Southern District of Indiana. The federal courts in Kentucky generally construe prisoner custody classification claims as challenges to their conditions of confinement, and require prisoners asserting such claims to file a civil rights action under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[5] The practice in the United States District Court for the Southern District of Indiana may, however, be different, so Phipps may consider filing a § 2241 petition in that district, and if that district court requires him to file a civil rights complaint asserting his custody classification claim, it will notify him either by letter or court order.

Finally, Phipps has filed a motion seeking the appointment of counsel "pursuant to 28 U.S.C. § 1915(e)(2)." [R. 5] Because Phipps' § 2241 petition will be denied, his motion seeking the appointment of counsel will be denied as moot.

Accordingly, it is hereby **ORDERED** as follows:

  1. The Clerk of the Court shall list "Ronald Timothy Phipps" as an alias name for the petitioner.

  2. Ronald Tim Phipps' 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1], is **DENIED.**

  3. Phipps' Motion for the Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(2) [R. 5] is **DENIED** as moot.

---

  [5] The filing fee for a *Bivens* civil rights action is $350.00, but Phipps may file a motion to proceed *in forma pauperis*, meaning that he could seek permission to pay that filing fee in installments.

4.  The Court will enter an appropriate Judgment.

5.  This matter is **STRICKEN** from the docket.

This 7th Day of November, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge